ORIGINAL

1   LAW OFFICES OF WILLIAM D. SHAPIRO
    William D. Shapiro, SB #85023
2   893 E. Brier Dr.
    San Bernardino, CA  92408
3   Tel: 909.890.1000; Fax: 909.890.1001
    bill@wshapiro.com
4

5   FRANK P. BARBARO & ASSOCIATES
    William J. Light, SB #141220
6   1111 North Broadway
    Santa Ana, California 92701
7   Tel.: 714.835.2122; Fax.: 714.973.4892
    wmlight@pacbell.net
8

9   Attorneys for Plaintiffs Izabella Hooker, by and through her
    Guardian ad Litem, Douglas A. Scott, ReeAnna Espino & Leslie Hooker
10

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

DEC 21 2021

BY _Alma Vallejo Garcia_
ALMA VALLEJO GARCIA, DEPUTY

11             **SUPERIOR COURT OF CALIFORNIA**

12              **COUNTY OF SAN BERNARDINO**

13

| | |
|---|---|
| 14   IZABELLA HOOKER, a minor, by and through her Guardian ad Litem, DOUGLAS A. SCOTT; REEANNA ESPINO, an individual; and, LESLIE HOOKER, an individual, | Case No. CIVSB2126796<br>Hon John Tomberlin<br>Dept. S33 |
| 17           Plaintiffs, | **FIRST AMENDED COMPLAINT FOR:** |
| 18      vs. | 1. Violation of Mandatory Duties;<br>2. Violation Ministerial Duties;<br>3. Nuisance; |
| 19   COUNTY OF ORANGE, a chartered California county; CORINA DE HARO, an individual; ANA L. GUERRERO, an individual; LUCY VALENCIA, an individual; SILVIA M. VILLARREAL, an individual; STEPHANIE M. COOPER, an individual; JUANA HOOKER, an individual; CARMEN MIRANDA, an individual; JAIME NIEVES, an individual; NATALIE NIEVES, an individual; and DOES 1 THROUGH 100, | 4. Violation of 42 U.S.C. § 1983;<br>5. Violation of 42 U.S.C. § 1983 – Monell;<br>6. Violation of 42 U.S.C. § 1983 – Violation of Civil Rights to Familial Relationship;<br>7. Negligence |
|          Defendants. | Complaint Filed : 10/08/2021<br>Trial Date      : Not assigned |

**BY FAX**

**EXHIBIT A**

8

1.  Plaintiff Izabella Hooker is, and at all times mentioned herein was, a minor infant residing in the County of Orange or County of San Bernardino, California.

2.  Plaintiff ReeAnna Espino is, and at all times mentioned herein was, an adult residing in the County of Orange, California, and is the natural mother of Plaintiff Izabella Hooker.

3.  Plaintiff Leslie Hooker is, and at all times mentioned herein was, an adult residing in the County of Orange, California, and is the natural father of Plaintiff Izabella Hooker.

4.  Defendant County of Orange is a Chartered California County, organized and existing under Article XI, Section 3 of the California Constitution.

5.  Defendant Corina De Haro was, at all times mentioned herein, employed by the County of Orange, within its Social Services Administration, as a Senior Social Worker.

6.  Defendant Ana L. Guerrero was, at all times mentioned herein, employed by the County of Orange, within its Social Services Administration, as a Social Services Supervisor.

7.  Defendant Lucy Valencia was, at all times mentioned herein, employed by the County of Orange, within its Social Services Administration, as a Senior Social Worker.

8.  Defendant Silva M. Villarreal was, at all times mentioned herein, employed by the County of Orange, within its Social Services Administration, as a Social Services Supervisor.

9.  Defendant Stephanie M. Cooper was, at all times mentioned herein, employed by the County of Orange, within its Social Services Administration, as a Senior Social Services Supervisor.

10. On information and belief, Defendant Juana Hooker was, at all times mentioned herein, an adult and an occupant of a 923 square foot, two-bedroom apartment at the Terraza del Sol Apartments in the County of San Bernardino (the Apartment),

2

**EXHIBIT A**
9

1    pursuant to a signed lease agreement to which she was a party and/or which
2    identified her as a lawful occupant.

3  11.  On information and belief, Defendant Carmen Miranda was, at all times mentioned
4    herein, an adult and an occupant of the Apartment pursuant to a signed lease
5    agreement to which she was a party and/or which identified her as a lawful
6    occupant.

7  12.  On information and belief, Defendant Natalie Nieves was, at all times mentioned
8    herein, an adult and an occupant of the Apartment pursuant to a signed lease
9    agreement to which she was a party and/or which identified her as a lawful
10    occupant.

11  13.  On information and belief, Defendant Jaime Nieves was, at all times mentioned
12    herein, an adult and an occupant of the Apartment pursuant to a signed lease
13    agreement to which he was a party and/or which identified him as a lawful occupant.

14  14.  Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein
15    as DOES 1 through 100, inclusive, and therefore sue said defendants by such
16    fictitious names.  Plaintiffs will amend this complaint to allege their true names and
17    capacities when ascertained.  Plaintiffs believe and allege that each of the DOE
18    defendants is legally responsible and liable for the incident, injuries and damages
19    hereinafter set forth.  Each defendant proximately caused injuries and damages
20    because of their breach of duty, management or control, negligence, negligent
21    supervision, and violation of public policy.  Each defendant is liable for his/her
22    personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether
23    severally or jointly, or whether based upon agency, care, control, custody,
24    employment, entrustment, ownership, or upon any other act or omission.  Plaintiffs
25    will ask leave to amend this complaint subject to further discovery.

26  15.  In doing the acts and/or omissions alleged herein, Defendants County of Orange and
27    Does 1-40, and each of them, acted under color of authority and/or under color of
28    law.

**EXHIBIT A**

16. In doing the acts alleged herein, Defendants Cooper, De Haro, Guerrero, Valencia, Villarreal, Does 41-75, and each of them acted within the course and scope of their employment.

17. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

18. For State causes of action related to Federal claims, Plaintiffs are required to comply with an administrative claim requirement under California law. Plaintiffs have complied with all applicable requirements.

19. On or about 08/16/2019 domestic dispute occurred between Plaintiff ReeAnna Espino and Plaintiff Leslie Hooker in which they became physically engaged with each other without injury.

20. On or about 08/16/2019, Plaintiff ReeAnna Espino was arrested by Anaheim Police Department for domestic violence but was not charged and was released from custody on or about 8/19/2019.

21. On or about 08/16/2019, following Plaintiff ReeAnna Espino's arrest, Plaintiff Leslie Hooker took Plaintiff Izabella Hooker to the Apartment to place her under the care of his mother, Defendant Juana Hooker, because he was unable to care for his infant daughter in the absence of Plaintiff ReeAnna Espino. Plaintiff Izabella Hooker's siblings, then four and five years old, remained with their paternal grandfather, with whom they were already residing with Plaintiff ReeAnna Espino.

22. On or about 08/19/2019, upon her release from police custody, and continuing daily thereafter, Plaintiff ReeAnna Espino attempted without success to recover Plaintiff Izabella Hooker from Defendant Juana Hooker by engaging Plaintiff Leslie Hooker to contact Defendant Juana Hooker to arrange to pick up Plaintiff Izabella Hooker or for Defendant Juana Hooker to bring Plaintiff Izabella Hooker to Anaheim.

23. On information and belief, on or about 08/23/2021, Defendant County of Orange Social Services Administration employees Corine De Haro and Lucy Valencia

4

**EXHIBIT A**

11

1       completed a Home Visit at the Apartment, a two-bedroom apartment, and reported

2       that Defendant Juana Hooker slept in one bedroom with her adult sister, and the two

3       other adults slept in the other bedroom but did not account for the sleeping location

4       of Plaintiff Izabella Hooker, or of the three minor children who also lived in the

5       Apartment.

6   24. Contrary to the report of De Haro and Valencia, Plaintiffs are informed and believe

7       that at that time Defendant Juana Hooker slept in the living room on the couch, and

8       that her adult sister resided in a bedroom with the three minor occupants, that the

9       other two adult residents occupied the other bedroom.

10   25. On information and belief, on or about 08/24/2019, Valencia informed Defendant

11       Villarreal that Defendant Juana Hooker was to be assessed for placement of Plaintiff

12       Izabella Hooker and her two siblings.

13   26. On information and belief, on or about 08/24/2019, the Apartment was positively

14       assessed by Defendant Villarreal and Defendant Guerrero, who reported that

15       Defendant Juana Hooker now resided in a bedroom with her adult sister, and that

16       Plaintiff Izabella Hooker resided in the other bedroom with her two siblings, and that

17       the two other adult residents were to sleep on the couch. Unaddressed was the

18       sleeping location of the other three minor residents of the Apartment.

19   27. On information and belief, on or about 08/24/2019, Defendant Stephanie M. Cooper

20       approved placement of Plaintiff Izabella Hooker and her two siblings into the

21       Apartment, causing a total of ten persons to occupy the Apartment.

22   28. On or about 08/26/2019, Defendant County of Orange conducted a Child Family

23       Team Meeting pursuant to Welfare & Institutions Code sections 16501 and 16501.1

24       to discuss, *inter alia*, input into the placement decision made by Defendant County of

25       Orange.

26   29. At the CFT Meeting, Plaintiff ReeAnna Espino objected to placement of her children

27       with Defendant Juana Hooker based upon safety concerns but, on information and

28       belief, her objection was not considered or even recorded.

EXHIBIT A
12

30. On information and belief, at the CFT Meeting, Defendant County of Orange also failed to consider, discover or even record that one of the adult occupants of the Apartment had previously been convicted of domestic violence.

31. On or about 08/27/2019, Defendant County of Orange initiated a Juvenile Dependency Petition, OCSC Case no. 19DP1022, under Welfare & Institutions Code section 300 et seq. which alleged, *inter alia*, that Plaintiff Izabella Hooker had suffered or was at substantial risk of suffering serious physical harm or illness on account of the actions of Plaintiff ReeAnna Espino and Plaintiff Leslie Hooker.

32. On information and belief, on or about 09/03/2019, Defendant County of Orange approved the placement of Plaintiff Izabella Hooker and her siblings with Defendant Juana Hooker at the Apartment.

33. On information and belief, or about 09/03/2019, Defendant submitted to the Juvenile Court in Orange County Case no. 19DP1022 a "Juris/Dispo" report signed by Defendant Guerrero which represented to the Court that Defendant Juana Hooker had been assessed for placement and then represented that Defendant Juana Hooker slept in a bedroom with her adult sister, that Plaintiff and her siblings slept in the second bedroom, and that the two other adult occupants of the Apartment slept in the living room.

34. On information and belief, the "Juris/Dispo" report was materially false because:

    a. Defendant Juana Hooker slept in the same bedroom with Plaintiff Izabella Hooker and her male and female siblings;

    b. The report failed to account for the sleeping arrangements of the other minor occupants of the Apartment, thus failing to inform the Court that those three children also occupied a bedroom with Plaintiff's adult paternal great-aunt;

    c. The report failed to state there were ten occupants in the Apartment;

    d. The report failed to state that one of the occupants of the Apartment had been previously convicted of domestic violence.

35. On information and belief, on or about 09/04/2019, Defendant Ana Guerrero made in person contact with Plaintiff Izabella Hooker at the Apartment, but still failed to document or notice the dangerously crowded conditions of the Apartment, or the sleeping arrangements of the ten occupants of the Apartment

36. On information and belief, on or about 10/08/2019, Defendant Ana Guerrero made in person contact with Plaintiff Izabella Hooker at the home of Juana Hooker, but still failed to document or notice the dangerously crowded conditions of the Apartment, or the sleeping arrangements of the ten occupants of the Apartment.

37. In or about 10/2019, Plaintiff ReeAnna Espino was on a video call with a sibling of Plaintiff Izabella Hooker, while the sibling and Izabella were present at the Apartment. The sibling turned the phone camera toward Plaintiff Izabella Hooker, who was sleeping on the couch face down. Plaintiff ReeAnna Espino promptly notified Defendant Ana Guerrero of the urgent suffocation risk to Izabella and requested education and instruction for Defendant Juana Hooker about safe sleeping for infants.

38. In or about 10/2019, Plaintiff ReeAnna Espino visited her children, including Plaintiff Izabella Hooker at the Apartment. Plaintiff ReeAnna Espino placed Izabella into a bassinette provided by Juana Hooker. The bassinette had folded blankets as a cushion. Plaintiff ReeAnna Espino observed the soft blankets fold partially over the top of Izabella's face.

39. Plaintiff ReeAnna Espino immediately objected to further use of the bassinette and attempted to discard it, but Defendant Juana Hooker refused. Plaintiff ReeAnna Espino left the Apartment and contacted Defendant Ana Guerrero to again notify her of an urgent suffocation risk to Izabella and to request education and instruction for Defendant Juana Hooker about safe sleeping for infants.

40. On information and belief, on or about 10/12/2019 at approximately 8:30 p.m., Defendant Juana Hooker placed Plaintiff Izabella Hooker in a bedroom of the Apartment, alone, on her stomach for "Tummy Time" and walked away for

7

First Amended Complaint for Damages

1    approximately 30 minutes, leaving her unsupervised while Defendant Juana Hooker

2    tended to the other children and to her household duties.

3    41. On information and belief, at approximately 9:00 p.m., Defendant Juana Hooker

4    discovered Plaintiff Izabella Hooker face down, unconscious and cyanotic.

5    Emergency services were called, which transported Plaintiff Izabella Hooker

6    emergently to medical care, but she had suffered a catastrophic hypoxic injury to her

7    brain from which she will never recover.

8    **COUNT ONE – BREACH OF MANDATORY DUTY – BY PLAINTIFF IZABELLA HOOKER AGAINST**

9    **DEFENDANT COUNTY OF ORANGE & DOES 1-10**

10    42. Plaintiff realleges as though set forth verbatim herein, paragraphs 1-41.

11    43. A public entity is directly liable for failure to discharge a mandatory duty.

12    Government Code section 815.6 provides:

13    "Where a public entity is under a mandatory duty imposed by an enactment that is

14    designed to protect against the particular kind of injury, the public entity is liable for

15    an injury of that kind proximately caused by its failure to discharge the duty unless

16    the public entity establishes that it exercised reasonable diligence to discharge the

17    duty."

18    44. At all times herein, there existed Welfare & Institutions Code section 361.3, which

19    provides in pertinent part that:

20    "In determining whether placement with a relative is appropriate, the county social

21    worker and court shall consider, but shall not be limited to, consideration of all the

22    following factors:

23    . . .

24    (2) The wishes of the parent, the relative and the child, if appropriate.

25    . . .

26    (5) The good moral character of the relative and any other adult living in the home,

27    including whether any individual residing in the home has a prior history of violent

28    criminal acts or has been responsible for acts of child abuse or neglect.

45. On information and belief, Defendant County of Orange failed and refused to comply with its mandatory obligation at the CFT Meeting to consider or even to document the wishes and safety concerns of Plaintiff ReeAnna Espino with respect to placement of her children with Defendant Juana Hooker.

46. On information and belief, Defendant County of Orange further failed and refused to comply with its mandatory obligation at the CFT Meeting to consider or even document whether any adult residing in the proposed care home had a history of domestic violence.

47. At all times herein there existed 22 California Code of Regulations section 89387, which provides with respect to the Buildings and Grounds where children are placed with Caregivers in an Approved Home by a public child placement agency, that:

(a) The caregiver shall provide bedrooms in the home which shall meet, at a minimum, the following requirements. . .:

    (1) No more than two children shall share a bedroom.

    (2) Children of different sexes shall not share a bedroom unless:

      . . .

      (B) Each child is under 5 years of age

    (3) Except for infants, children shall not share a bedroom with an adult.

    (4) No room commonly used for other purposes shall be used as a bedroom.

  . . .

    (5) No bedroom shall be used as a public or general passageway to another room.

  . . .

    (12) Subsections (a)(4) and (a)(5) apply to all bedrooms used by the caregiver and all other adults residing in the home.

48. Plaintiff Izabella Hooker is informed and believes that Defendant Juana Hooker was a "Caregiver" pursuant to section 89387 in that she was approved by Defendant to have authority and responsibility for the care and supervision of Plaintiff Izabella

1    Hooker and the operation of the Apartment within the meaning of 22 CCR section

2    89201(c)(4).

3    49. Plaintiff Izabella Hooker is informed and believes that Defendant Juana Hooker's

4    home was an "Approved Home" within the meaning of 22 CCR 89201(a)(6) in that it

5    was the home of a relative that was exempt from licensure and was approved as

6    meeting the same standards as those in 22 CCR, Article 3.

7    50. At all times herein there existed Health and Safety Code section 17922 which

8    provides in pertinent part: "building standards and rules and regulations shall impose

9    substantially the same requirements as are contained in the most recent editions of.

10   . .:

11   (1) The Uniform Housing Code of the International Conference of Building Officials

12   . . . ."

13   51. At all times herein, there existed 25 CCR section 32, which provides that ". . .the

14   provisions of the 1997 Edition of the Uniform Housing Code, Chapter. . .5. . ., as

15   adopted by the International Conference of Building Officials. . .shall apply to

16   buildings or structures subject to the provisions of this subchapter."

17   52. At all times herein, there existed Uniform Housing Code section 503.2, which

18   provides that each dwelling must have at least one room measuring at least 120

19   square feet; and all other habitable rooms excluding kitchens must be at least 70

20   square feet. Two people can occupy a room for sleeping. For each additional

21   occupant, the required floor area must increase by 50 square feet.

22   53. Defendant County of Orange violated the mandatory obligations imposed by

23   California statutes and regulations establishing the requirements for the buildings

24   and grounds of a caregiver's home and pertaining to maximum occupancy of two-

25   bedroom apartments of the size the Apartment.

26   54. In contravention of mandatory obligations of section 89387, the Apartment approved

27   recommended by Defendants De Haro, Valencia, Guerrero and Villarreal, and

28   approved by Defendant Cooper on behalf of Defendant County of Orange, provided:

a. bedrooms shared by more than two children;

b. a bedroom shared by children of different sexes who were not both under five years of age;

c. bedrooms shared by children and adults;

d. a living room used as a bedroom; and,

e. a living room used as a bedroom that also provided a general passageway to the dedicated bedrooms of the two-bedroom apartment.

55. On information and belief, in further contravention of the mandates of Health and Safety Code section 17922, and the regulations adopted thereunder, the Apartment violated the maximum occupancy standards in that the bedroom in which Plaintiff Izabella Hooker resided was also occupied by an adult and her two siblings, thereby requiring at least 170 square feet of living space, when it was substantially smaller.

56. On information and belief, the lease agreement for the Apartment limited the maximum occupancy of the unit to five persons, which was already exceeded at the time of Defendant's placement of Plaintiff Izabella Hooker and her two siblings.

57. At all times herein, California law mandates against inducing a party to breach a contract. Defendant's conduct in placing Plaintiff Izabella Hooker and her two siblings into the Apartment in violation of the occupancy restrictions stated in the lease agreement constituted an inducement of the occupant-signatories to a new breach the lease in violation of California law.

58. On information and belief, the violations of statutory and regulatory mandates, and of California law pertaining to the operation of caregiver's home into which Plaintiff Izabella Hooker was placed, and pertaining to the occupancy capacity standards, whether alone or in combination with each other, caused or contributed to Izabella's wrongful presence in the home, and to an atmosphere of chaos and overcrowding such that, on or about 10/12/2019, at approximately 8:30 p.m., infant Plaintiff Izabella Hooker was allowed to be left alone in a bedroom on her stomach for

**EXHIBIT A**

1  approximately thirty minutes, during which she became trapped face down and
2  suffocated, resulting in a catastrophic hypoxic injury to her brain.

3  59. The statutory and regulatory mandates alleged herein, and others to the same or
4  similar effect, were intended to prevent placement of vulnerable minor dependents
5  into chaotic, dangerously crowded, unsafe homes and/or were intended to prevent
6  chaotic, dangerously crowded homes, like the Apartment, where an unsupervised
7  infant could suffocate.

8  60. At all times herein, there existed Welfare & Institutions Code section 16504 which
9  provides in pertinent part:

10  (a) Any child reported to the county child welfare services department to be
11  endangered by abuse, neglect, or exploitation shall be eligible for initial intake and
12  evaluation of risk services. . . An immediate in-person response shall be made by
13  a county child welfare services department social worker in emergency situations in
14  accordance with regulations of the department. . . However, an in-person response
15  is not required when the county child welfare services department, based upon an
16  evaluation of risk, determines that an in-person response is not appropriate. An
17  evaluation of risk includes collateral contacts, a review of previous referrals, and
18  other relevant information.

19  61. Pursuant to Penal Code section 1165.2, neglect "means the negligent treatment or
20  the maltreatment of a child by a person responsible for the child's welfare under
21  circumstances indicating harm or threatened harm to the child's health or welfare."

22  62. The allegations of ReeAnna Espino regarding the suffocations risks to Plaintiff
23  Izabella Hooker constituted neglect within the meaning of sections 16504 and
24  1165.5.

25  63. The statutory mandate of section 16504, and other statutes and regulations to the
26  same or similar effect, were intended to protect children from neglect, including
27  protecting infants from exposure to suffocation hazards.

28

12

First Amended Complaint for Damages

**EXHIBIT A**

64. On information and belief, in contravention of the statutory mandate of section 16504, Defendants County of Orange, by and through its employee Defendant Guerrero, failed and refused to conduct an in-person response to allegations that Plaintiff Izabella Hooker was repeatedly exposed to neglect at the home of Defendant Juana Hooker, and/or failed and refused to conduct an evaluation as to whether an in-person response was not appropriate and/or failed to document that the suffocation risk to which Plaintiff Izabella Hooker was exposed had even been communicated to her.

65. The acts and omissions of the Defendants, and each of them caused or was a substantial factor in causing Plaintiff's harm.

66. As a direct and proximate result of Defendants' acts and omissions as alleged herein, Plaintiff sustained and suffered serious and permanent injuries to her activity, health and strength, and severe shock to her nervous systems and was caused to suffer extreme physical and mental pain, and physical disfigurement, all to her general damage in an amount that has not yet been fully ascertained, but within the jurisdiction of this Court. Plaintiff will seek leave to amend this complaint to insert the true amount thereof when ascertained.

67. As a further direct and proximate result of the acts and omissions of Defendants, and of the injuries thereby sustained, Plaintiff has and will be required to employ physicians and other medical care and will incur medical, hospital, and other expenses for such future medical care and treatment. The reasonable value thereof is unknown to Plaintiff who prays leave of Court to insert the same hereto when ascertained.

68. As a further proximate result of the negligence of Defendants, and each of them, as herein alleged, Plaintiff will be unable to work in any occupation and, accordingly, seeks lost wages and employment benefits in an amount to be determined by proof at trial.

COUNT TWO – VIOLATION OF MINISTERIAL DUTIES – PLAINTIFF IZABELLA HOOKER AGAINST

DEFENDANTS COUNTY OF ORANGE, STEPHANIE M. COOPER, CORINA DE HARO, ANA L.

GUERRERO, LUCY VALENCIA, SILVIA M. VILLARREAL, AND DOES 1 THROUGH 75

69. Plaintiff realleges as though set forth verbatim herein, paragraphs 1-41 and 47-64.

70. Pursuant to Government Code section 820(a), Defendants Cooper, De Haro, Guerrero, Valencia and Villarreal are liable for injury caused by their acts or omissions to the same extent as a private person.

71. Pursuant to Government Code section 815.2(a), Defendant County of Orange is liable for injury proximately caused by an act or omission of Villarreal and/or Guerrero within the scope of their employment if the acts or omissions would, apart from section 815.2(a), have given rise to a cause of action against them or their personal representatives.

72. The acts and omissions of Defendants De Haro, Valencia, Villarreal and Defendant Guerrero in the collection and reporting of their false assessments of the Apartment were not the exercise of discretion in the making of basic policy decisions but were at the level of operational government decisions incident to normal operations and were not protected by any immunity.

73. The actions and omissions of Defendant Cooper in approving the placement of Plaintiff Izabella Hooker and her two siblings into the Apartment based upon the false assessment of Defendants Guerrero and Villarreal was not the exercise of discretion in the making of basic policy decisions but was at the level of operational government decisions incident to normal operations and was not protected by any immunity.

74. The acts and omissions of Defendant Guerrero in signing and submitting the materially false "Juris/Dispo" report to the Juvenile Court in Orange County Case no. 19DP1022 were not privileged because, to the extent that such actions constituted the initiation or conduct of an investigation or proceeding pursuant to Chapter 21 of Part 1 of Division 2 of the Welfare and Institutions Code, the "Juris/Dispo" report was

14

1  submitted with a willful and conscious disregard of the rights or safety of others and
2  constituted a fabrication of evidence within the meaning of Government Code
3  section 820.21.

4  75. The acts and omissions of Defendant Guerrero in visiting the Apartment on or about
5  09/04/2021 and 10/08/2021 and failing to determine and/or ignorance of the
6  violations of California statutes and regulations concerning the operation of
7  Approved Homes were not the exercise of discretion in the making of basic policy
8  decisions but were at the level of operational government decisions incident to
9  normal operations and were not protected by any immunity.

10  76. The actions and decisions of Defendant Guerrero in receiving, but not acting upon,
11  Plaintiff ReeAnna Espino's complaints about suffocation hazards for Plaintiff Izabella
12  Hooker in the home of Defendant Juana Hooker was not the exercise of discretion in
13  the making of basic policy decisions but was at the level of operational government
14  decisions incident to normal operations and was not protected by any immunity.

15  77. The acts and omissions of the Defendants, and each of them caused or was a
16  substantial factor in Plaintiff's harm.

17  78. As a direct and proximate result of Defendants' acts and omissions as alleged
18  herein, Plaintiff sustained and suffered serious and permanent injuries to his activity,
19  health and strength, and severe shock to her nervous systems and was caused to
20  suffer extreme physical and mental pain, and physical disfigurement, all to her
21  general damage in an amount that has not yet been fully ascertained, but within the
22  jurisdiction of this Court. Plaintiff will seek leave to amend this complaint to insert the
23  true amount thereof when ascertained.

24  79. As a further direct and proximate result of the acts and omissions of Defendants, and
25  of the injuries thereby sustained, Plaintiff has and will be required to employ
26  physicians and other medical care and will incur medical, hospital, and other
27  expenses for such future medical care and treatment. The reasonable value thereof

28

1  is unknown to Plaintiff who prays leave of Court to insert the same hereto when

2  ascertained.

3  80.  As a further proximate result of the negligence of Defendants, and each of them, as

4  herein alleged, Plaintiff will be unable to work in any occupation and, accordingly,

5  seeks lost wages and employment benefits in an amount to be determined by proof

6  at trial.

7  COUNT THREE – NUISANCE – PLAINTIFF IZABELLA HOOKER AGAINST DEFENDANTS

8  COUNTY OF ORANGE, JUANA HOOKER, CARMEN MIRANDA, JAIME NIEVES, NATALIE

9  NIEVES, AND DOES 1 THROUGH 100

10  81.  Plaintiff realleges as though set forth verbatim herein paragraphs 1-41 and 47-59.

11  82.  At all times herein, there existed Civil Code section 3479, which provides in pertinent

12  part:

13  Anything which is injurious to health. . .or is indecent or offensive to the senses. . .

14  so as to interfere with the comfortable enjoyment of life or property, . . . is a

15  nuisance.

16  83.  On information and belief, Defendants Juana Hooker, Carmen Miranda, Natalie

17  Nieves and Jaime Nieves were each jointly and severally in possession of the

18  Apartment where Plaintiff Izabella Hooker was residing at the time of her severe

19  hypoxic event.

20  84.  The acts and omissions of Defendants allowed or created a nuisance at the

21  Apartment within the meaning of Civil Code section 3479 in that the home was

22  dangerously overcrowded and was harmful to health and indecent or offensive to the

23  senses.

24  85.  Defendants knew or should have known of the dangerous overcrowding in the home

25  and that it created a nuisance.

26  86.  The acts or omissions of Defendants were intentional and unreasonable, or

27  negligent and reckless, and the condition that Defendants created and permitted to

28  exist in the home was the result of an abnormally dangerous activity.

87. The overcrowding in the home substantially interfered with Plaintiff Izabella Hooker's use or enjoyment of the premises.

88. An ordinary person would reasonably be annoyed or disturbed by the dangerously overcrowded condition of the home created and permitted by Defendants.

89. Defendants knew or should have known that Plaintiff Izabella Hooker did not consent to the dangerous overcrowding at the Apartment, but had it imposed upon her by them.

90. After a reasonable opportunity, Defendants failed to take reasonable steps to put an end to the dangerous overcrowding or to protect Plaintiff Izabella Hooker from the nuisance.

91. The acts and omissions of the Defendants, and each of them, caused or was a substantial factor in Plaintiff's harm.

92. The seriousness of the harm of the nuisance created by Defendant County of Orange outweighs the public benefit of its conduct.

93. As a direct and proximate result of Defendants' acts and omissions as alleged herein, Plaintiff sustained and suffered serious and permanent injuries to her activity, health and strength, and severe shock to her nervous systems and was caused to suffer extreme physical and mental pain, and physical disfigurement, all to her general damage in an amount that has not yet been fully ascertained, but within the jurisdiction of this Court. Plaintiff will seek leave to amend this complaint to insert the true amount thereof when ascertained.

94. As a further direct and proximate result of the acts and omissions of Defendants, and of the injuries thereby sustained, Plaintiff has and will be required to employ physicians and other medical care and will incur medical, hospital, and other expenses for such future medical care and treatment. The reasonable value thereof is unknown to Plaintiff who prays leave of Court to insert the same hereto when ascertained.

95. As a further proximate result of the negligence of Defendants, and each of them, as herein alleged, Plaintiff will be unable to work in any occupation and, accordingly, seeks lost wages and employment benefits in an amount to be determined by proof at trial.

**COUNT 4 – 42 U.S.C. § 1983 – PLAINTIFF IZABELLA HOOKER V. DEFENDANTS STEPHANIE M. COOPER, CORINA DE HARO, ANA L. GUERRERO, LUCY VALENCIA, SILVIA M. VILLARREAL AND DOES 41 THROUGH 75**

96. Plaintiff realleges as though set forth verbatim herein paragraphs 1-41 and 47-58.

97. Defendants intentionally or with deliberate indifference failed to accurately observe and/or report that the Apartment was chaotic and dangerously overcrowded because it presented:

    a. bedrooms shared by more than two children;

    b. a bedroom shared by children of different sexes who were not both under five years of age;

    c. bedrooms shared by children and adults;

    d. a living room used as a bedroom;

    e. a living room used as a bedroom that also provided a general passageway to the dedicated bedrooms of the Apartment;

    f. violations of California law with regard to square footage of the bedroom of the Apartment for the number of occupants

    g. violation of the lease of the Apartment regarding occupancy limits caused by placement of Plaintiff Izabella Hooker and her two siblings.

98. Defendant Guerrero further intentionally and/or with deliberate indifference failed to respond in person or otherwise to Plaintiff ReeAnna Espino's allegations of neglect regarding Plaintiff Izabella Hooker at the Apartment.

99. Defendants Guerrero and Villarreal were acting or purporting to act in the performance of their official duties.

**EXHIBIT A**

100. Defendants Guerrero's and Villarreal's conduct violated Plaintiff Izabella Hooker's substantive rights under the Fourth and/or Fourteenth Amendments to the United States Constitutional rights of Plaintiff, including, but not limited to:

    a. the right not to be deprived of life, liberty or property without Due Process of Law;

    b. the right to familial relationships; and,

    c. the right to enjoy civil and statutory rights.

101. Defendant Cooper knew, or in the exercise of reasonable diligence, should have known of Defendants Guerrero's and Villarreal's wrongful conduct.

102. Defendant Cooper knew, or in the exercise of reasonable diligence, should have known that the wrongful conduct of Defendants Guerrero and Villarreal created a substantial risk of harm to Plaintiff Izabella Hooker.

103. Defendant Cooper disregarded that risk by expressly or impliedly approving or failing to take adequate action to prevent the wrongful conduct of Defendants Guerrero and Villarreal.

104. The acts and omissions of the Defendants, and each of them, caused or was a substantial factor in Plaintiff's harm.

105. As a direct and proximate result of Defendants' acts and omissions as alleged herein, Plaintiff sustained and suffered serious and permanent injuries to his activity, health and strength, and severe shock to her nervous systems and was caused to suffer extreme physical and mental pain, and physical disfigurement, all to her general damage in an amount that has not yet been fully ascertained, but within the jurisdiction of this Court. Plaintiff will seek leave to amend this complaint to insert the true amount thereof when ascertained.

106. As a further direct and proximate result of the acts and omissions of Defendants, and of the injuries thereby sustained, Plaintiff has and will be required to employ physicians and other medical care and will incur medical, hospital, and other expenses for such future medical care and treatment. The reasonable value thereof

1    is unknown to Plaintiff who prays leave of Court to insert the same hereto when

2    ascertained.

3   107. As a further proximate result of the negligence of Defendants, and each of them, as

4    herein alleged, Plaintiff will be unable to work in any occupation and, accordingly,

5    seeks lost wages and employment benefits in an amount to be determined by proof

6    at trial.

7       **COUNT 5 – MONELL – 42 U.S.C. § 1983 – PLAINTIFF IZABELLA HOOKER V. DEFENDANT**

8          **COUNTY OF ORANGE AND DOES 1 THROUGH 40**

9   108. Plaintiff realleges as though set forth verbatim herein paragraphs 1-41 and 47-58.

10   109. The acts and/or omissions alleged in the Complaint herein are indicative and

11    representative of a repeated course of conduct by Defendant County of Orange

12    tantamount to a custom, policy or practice of ignoring, or of failure to train with

13    regard to, statutes and regulations with regard to the operation and facilities of

14    Approved Homes, and its duty to respond to allegations of neglect of minors within

15    its charge.

16   110. On information and belief, the acts and/or omissions alleged herein are the

17    proximate result of the County of Orange's custom, policy, pattern or practice, or

18    failure to train its Social Workers, with regard to minors right to be placed in a safe

19    home in compliance with the statutes and regulations governing the operations of

20    Approved Homes, and with regard to minors' rights to have allegations of neglect in

21    Approved Homes evaluated and investigated.

22   111. Defendant County of Orange was deliberately indifferent to the repeated violations of

23    the constitutional rights of citizens by County of Orange Social Workers, and it

24    should have been obvious to it that its custom, policy, pattern or practice, or its

25    inadequate training program, was likely to result in the deprivation of Plaintiff Izabella

26    Hooker's right to Due Process guaranteed to her under the 14th Amendment of the

27    Constitution of the United States of America.

28

**EXHIBIT A**
27

112. Defendants Cooper, Guerrero and Villarreal intentionally or with deliberate indifference failed to accurately observe and/or report that the Apartment into which Plaintiff Izabella Hooker was placed was chaotic and dangerously overcrowded in because it presented:

    a. bedrooms shared by more than two children;

    b. a bedroom shared by children of different sexes who were not both under five years of age;

    c. bedrooms shared by children and adults;

    d. a living room used as a bedroom;

    e. a living room used as a bedroom that also provided a general passageway to the dedicated bedrooms of the Apartment;

    f. violations of California law with regard to square footage of the bedroom of the Apartment for the number of occupants

    g. violation of the lease of the Apartment regarding occupancy limits caused by placement of Plaintiff Izabella Hooker and her two siblings.

113. Defendant Guerrero further intentionally and/or with deliberate indifference failed to respond in person or otherwise to Plaintiff ReeAnna Espino's allegations of neglect regarding Plaintiff Izabella Hooker.

114. The damages sustained by Plaintiff are the proximate result of customs, policies or practices, or the failure to adequately or appropriately train Social Workers using reality-based training techniques, workshops, and/or simulations.

115. The aforementioned deliberate indifference, customs, policies or practices, or failure to train of Defendant County of Orange, resulted in the deprivation of Plaintiff of the substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitutional rights of Plaintiff, including, but not limited to:

    a) the right not to be deprived of life, liberty or property without Due Process of Law;

    b) the right to equal protection of the law; and,

1    c)  the right to enjoy civil and statutory rights.

2  116. The acts and omissions of the Defendants, and each of them, caused or was a

3       substantial factor in Plaintiff's harm.

4  117. As a direct and proximate result of Defendants' acts and omissions as alleged

5       herein, Plaintiff sustained and suffered serious and permanent injuries to his activity,

6       health and strength, and severe shock to her nervous systems and was caused to

7       suffer extreme physical and mental pain, and physical disfigurement, all to her

8       general damage in an amount that has not yet been fully ascertained, but within the

9       jurisdiction of this Court. Plaintiff will seek leave to amend this complaint to insert the

10      true amount thereof when ascertained.

11 118. As a further direct and proximate result of the acts and omissions of Defendants, and

12      of the injuries thereby sustained, Plaintiff has and will be required to employ

13      physicians and other medical care and will incur medical, hospital, and other

14      expenses for such future medical care and treatment. The reasonable value thereof

15      is unknown to Plaintiff who prays leave of Court to insert the same hereto when

16      ascertained.

17 119. As a further proximate result of the negligence of Defendants, and each of them, as

18      herein alleged, Plaintiff will be unable to work in any occupation and, accordingly,

19      seeks lost wages and employment benefits in an amount to be determined by proof

20      at trial.

21    COUNT 6 – VIOLATIONS OF CIVIL RIGHTS TO FAMILIAL RELATIONSHIP 42 U.S.C. § 1983 –

22    PLAINTIFFS REEANNA ESPINO & LESLIE HOOKER V. DEFENDANTS COUNTY OF ORANGE,

23    STEPHANIE M. COOPER, CORINA DE HARO, ANA L. GUERRERO, LUCY VALENCIA, SILVIA M.

24              VILLARREAL, AND DOES 1 THROUGH 75

25 120. Plaintiff realleges, as though set forth verbatim herein, paragraphs 1-39 and 45-60.

26 121. Defendants, acting under color of state law, deprived Plaintiffs ReeAnna Espino and

27      Leslie Hooker of their right to a familial relationship with Plaintiff Izabella Hooker by

28      placing her into a chaotic and dangerously overcrowded home with an unreasonable

1   and unjustified risk of injury due to neglect, in violation of Plaintiffs' right to Due
2   Process of law in violation of the 14th Amendment to the Constitution of the United
3   State America.

4   122. The acts and omissions of the Defendants, and each of them, caused or was a
5   substantial factor in Plaintiff's harm.

6   123. Defendants acts and/or omissions resulted in Plaintiff Izabella Hooker's catastrophic
7   bodily injury, resulting in the loss of her love, companionship, comfort, care, and
8   assistance by Plaintiffs ReeAnna Espino and Leslie Hooker.

9   COUNT 7 – NEGLIGENCE – PLAINTIFF IZABELLA HOOKER V. DEFENDANT JUANA HOOKER, AND
10   DOES 76 THROUGH 100

11   124. Plaintiff realleges, as though set forth verbatim, herein paragraphs 1-39.

12   125. Defendants had a duty to care for and supervise Plaintiff Izabella Hooker, and to
13   provide a reasonably safe environment which was free from suffocation hazards,

14   126. Defendants knew or should have known that Plaintiff Izabella Hooker was an infant
15   who could not care for herself and could not be left alone on her stomach without an
16   unreasonable risk of harm to her.

17   127. Defendants failed to use the care to that a reasonably prudent person would use in
18   the same or similar situation, resulting in a catastrophic hypoxic brain injury to
19   Plaintiff Izabella Hooker, from which she will never recover.

20   128. The acts and omissions of the Defendants, and each of them, caused or was a
21   substantial factor in Plaintiff's harm.

22   129. As a direct and proximate result of Defendants' acts and omissions as alleged
23   herein, Plaintiff sustained and suffered serious and permanent injuries to his activity,
24   health and strength, and severe shock to her nervous systems and was caused to
25   suffer extreme physical and mental pain, and physical disfigurement, all to her
26   general damage in an amount that has not yet been fully ascertained, but within the
27   jurisdiction of this Court. Plaintiff will seek leave to amend this complaint to insert the
28   true amount thereof when ascertained.

130. As a further direct and proximate result of the acts and omissions of Defendants, and of the injuries thereby sustained, Plaintiff has and will be required to employ physicians and other medical care and will incur medical, hospital, and other expenses for such future medical care and treatment. The reasonable value thereof is unknown to Plaintiff who prays leave of Court to insert the same hereto when ascertained.

131. As a further proximate result of the negligence of Defendants, and each of them, as herein alleged, Plaintiff will be unable to work in any occupation and, accordingly, seeks lost wages and employment benefits in an amount to be determined by proof at trial.

WHEREFORE:

**On Counts 1-3 and 7, Plaintiff Izabella Hooker prays for relief as follows:**

1. For general damages in a sum to be determined at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

**On Counts 4-5, Plaintiff Izabella Hooker prays for relief as follows:**

3. For general damages in a sum to be determined at trial;

4. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

5. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

1   **On Count 6, Plaintiffs ReeAnna Espino and Leslie Hooker pray for relief as**

2   **follows:**

3     6.  For general damages in a sum to be determined at trial;

4     7.  For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5

6

7   **On all Counts, all Plaintiffs pray for relief as follows:**

8     8.  For cost of suit herein incurred.

9     9.  For such other and further relief as the Court deems just and proper.

10

11   DATED: December 14, 2021           FRANK P. BARBARO & ASSOCIATES

12

13

                                        By: _____

14                                               William J. Light

15                                       Attorneys for Plaintiffs Izabella Hooker, by

                                      and through her Guardian ad Litem,

16                                         Douglas A. Scott, ReeAnna Espino &

                                      Leslie Hooker

17

18

19

20

21

22

23

24

25

26

27

28

25
First Amended Complaint for Damages

**EXHIBIT A**
32

M22-354
HS

RECEIVED

**SUMMONS 1ST AMENDED COMPLAINT**
*(CITACION JUDICIAL)*

2022 MAY 26   AM 10: 29

CLERK OF THE BOARD
ORANGE COUNTY
BOARD OF SUPERVISORS

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 0 2 2022

BY *Alma Vallejo Garcia*
ALMA VALLEJO GARCIA , DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

See attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

See attached

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):*  County of San Bernardino Superior Court, 247 W. Third St., San Bernardino, CA  92415 | CASE NUMBER: *(Número del Caso):* CIVSB2126796 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William D. Shapiro, Law Offices of William D. Shapiro, 893 E. Brier Dr., San Bernardino, CA  92408  (909) 890-1000
William J. Light, Frank P. Barbaro & Associates, 1111 N Broadway, Santa Ana, CA  92701  (714) 835-2122

| DATE: *(Fecha)* | MAY 0 2 2022 | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

Alma Vallejo Garcia

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):*  CHARTERED CALIFORNIA COUNTY

4. ☒ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courts.ca.gov |
|---|---|---|

**EXHIBIT B**

**SUM-200(A)**

| SHORT TITLE: Hooker, et al. v. County of Orange, et al. | CASE NUMBER: CIVSB2126796 |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff     ☒ Defendant     ☐ Cross-Complainant     ☐ Cross-Defendant

COUNTY OF ORANGE, a chartered California county; CORINA DE HARO, an individual; ANA L. GUERRERO, an individual; LUCY VALENCIA, an individual; SILVIA M. VILLARREAL, an individual; STEPHANIE M. COOPER, an individual; JUANA HOOKER, an individual; CARMEN MIRANDA, an individual; JAIME NIEVES, an individual; NATALIE NIEVES, an individual; and DOES 1 THROUGH 100

Page __2__ of __3__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

## EXHIBIT B

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Hooker, et al. v. County of Orange, et al. | CIVSB2126796 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[ x ] Plaintiff     [ ] Defendant     [ ] Cross-Complainant     [ ] Cross-Defendant

IZABELLA HOOKER, a minor, by and through her Guardian ad Litem, DOUGLAS A. SCOTT; REEANNA ESPINO, an individual; and, LESLIE HOOKER, an individual

Page ___3___ of ___3___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

## EXHIBIT B